**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**YEE SOON SHIN and Yong Woo Jung,
aka Charles Jung, Defendants–
Appellants.**

Nos. 90–50604, 90–50623.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 1991.*
Decided Jan. 10, 1992.

---

* The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Oscar B. Goodman, Goodman, Stein, Chesnoff & Quintana, Las Vegas, Nev., for defendants-appellants Yong Woo Jung and Yee Soon Shin.

L.J. O'Neale, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BEEZER, HALL and WIGGINS, Circuit Judges.

BEEZER, Circuit Judge:

Yee Soon Shin and Yong Woo Jung were convicted of conspiracy, failure to file currency transaction reports and structuring financial transactions to avoid currency reporting requirements. Jung was also convicted of money laundering. Shin and Jung appeal their convictions and their sentences. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

Shin's notice of appeal states that Shin "appeals to the United States Court of Appeals for the Ninth Circuit from the sentence imposed on October 9, 1990." Her brief raises issues unrelated to her sentence.

Under Fed.R.App.P. 3(c), the notice of appeal "shall designate the judgment, order or part thereof appealed from." This circuit has held that a mistake in designating the judgment appealed from does not bar an appeal if the intent to appeal a specific judgment can be inferred and the appellee is not prejudiced or misled by the mistake. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir.1991). Where the appellee has argued the merits fully in its brief, it has not been prejudiced by the appellant's failure to designate specifically an order which is subject to appeal. *United States v. Walker*, 601

F.2d 1051, 1058 (9th Cir.1979). In this case, the United States fully briefed the merits of Shin's arguments unrelated to her sentence.

## II

■ Shin and Jung contend that the district court erred by failing to assign separate interpreters at trial. A criminal defendant who "speaks only or primarily a language other than the English language" has a statutory right under the Court Interpreters Act to a court-appointed interpreter when his comprehension of the proceedings or ability to communicate with counsel is impaired. 28 U.S.C. § 1827(d)(1). The Court Interpreters Act does not, however, require separate interpreters for each defendant in multidefendant cases. *See United States v. Bennett*, 848 F.2d 1134, 1140–41 (11th Cir.1988); *United States v. Sanchez*, 928 F.2d 1450, 1455 (6th Cir. 1991).

■ Shin and Jung also contend that sharing one interpreter violated their rights under the Fifth and Sixth Amendments. As a constitutional matter, the appointment of interpreters is within the district court's discretion. *United States v. Bennett*, 848 F.2d at 1141. Appellants did not object in the district court. A lack of objection weighs against a finding of abuse of discretion by the trial court. *United States v. Lim*, 794 F.2d 469, 471 (9th Cir.), *cert. denied*, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir.1989). Because appellants did not object, the district court did not abuse its discretion in assigning one interpreter.

■ Shin and Jung also contend that the translation provided by the interpreter was inadequate and that the audio equipment used by the interpreter was defective. The record on appeal provides no factual support for appellants' contentions. If there are facts outside the record which would support appellants' contentions, they must be presented in an application under 28 U.S.C. § 2255. *United States v. Cochran*, 770 F.2d 850, 851 n. 1 (9th Cir.1985).

## III

Shin and Jung contend that the district court erred by accepting jury waivers that were not knowing, voluntary and intelligent. Appellants contend that the district court failed to advise the appellants that they could participate in jury selection, failed to advise appellants that they could testify at trial and failed to provide an interpreter to translate when appellants waived their right to a jury trial.

■ Appellants filed written jury trial waivers. The district court also interrogated appellants prior to accepting their jury waivers. The district court did not err by failing to inform appellants that they could participate in jury selection. Knowledge of the right to participate in the selection of jurors is not constitutionally required for a knowing, voluntary and intelligent jury waiver. *United States ex rel. Wandick v. Chrans*, 869 F.2d 1084, 1088 (7th Cir.1989). The district court did not err by failing to inform appellants of their right to testify. The district court has no duty to advise a defendant of his right to testify. *Ortega v. O'Leary*, 843 F.2d 258, 261 (7th Cir.), *cert. denied*, 488 U.S. 841, 109 S.Ct. 110, 102 L.Ed.2d 85 (1988); *Siciliano v. Vose*, 834 F.2d 29, 30–31 (1st Cir.1987); *United States v. Bernloehr*, 833 F.2d 749, 751–52 (8th Cir.1987); *United States v. Janoe*, 720 F.2d 1156, 1161 (10th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984).

Shin and Jung also contend that the district court did not provide an interpreter when they waived their right to a jury trial. However, no objection was made and there are no facts in the record bearing on the issue whether an interpreter translated when appellants waived their right to a jury trial. If there are facts outside the record which would support appellants' contentions, they must be presented in an application under 28 U.S.C. § 2255. *United States v. Cochran*, 770 F.2d at 851 n. 1.

## IV

Shin and Jung finally contend that the district court erred in calculating their sen-

tences under the Sentencing Guidelines. Specifically, Shin and Jung contend that the district court erred by aggregating the currency exchanged in the various transactions for which Shin and Jung were convicted.

■ This court reviews de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Restrepo,* 884 F.2d 1294, 1295 (9th Cir.1989).

■ For purposes of sentencing, the district court must group money laundering counts and counts involving the failure to file currency transaction reports. U.S.S.G. § 3D1.2(d). The appropriate offense level for grouped offenses is the offense level corresponding to the aggregated quantity of all grouped counts. *Id.* § 3D1.3(b). Consequently, the argument that the district court erred by aggregating the currency exchanged in the money laundering counts and counts involving the failure to file currency transaction reports is without merit.

AFFIRMED.