988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yong Woo JUNG, aka Charles Jung, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55562.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1993.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-92-175-LCN; Leland C. Nielsen, Senior District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 After a bench trial, appellant Yong Woo Jung was convicted of one count of conspiracy to fail to file currency transaction reports, in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5313(a); seventeen counts of failure to file currency transaction reports, in violation of 31 U.S.C. §§ 5313(a) and 5322(b) and 18 U.S.C. § 2; ten counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(3)(C) and 2; and one count of structuring transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(3) and 18 U.S.C. § 2. Jung appealed his conviction and sentence and we affirmed. United States v. Jung, sub nom, United States v. Shin, 953 F.2d 559 (9th Cir.1992). Jung then filed a motion in the district court, under 28 U.S.C. § 2255, to set aside the judgment. The district court denied relief after an evidentiary hearing.
 
 
 3
 Jung appeals the district court's denial of his section 2255 motion, arguing he was denied effective assistance of counsel in violation of his sixth amendment rights. The government argues the issues underlying Jung's section 2255 motion were decided on direct appeal and cannot be collaterally attacked. Notice of appeal was timely filed. We have jurisdiction pursuant to 28 U.S.C. § 2255. We affirm.
 
 1. Propriety of Collateral Attack
 
 4
 Jung's ineffective assistance of counsel claims, raised in his section 2255 motion, are properly before this court. Section 2255 motions, like habeas corpus petitions, are "well established exception[s] to the principles of res judicata." Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992); see also Sanders v. United States, 373 U.S. 1, 8 (1963) ("Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged."). To prevent abuse of the writ, however, the federal court retains discretion to refuse to consider a claim presented in a section 2255 petition if the claim has been previously presented. Walter, 969 F.2d at 816. Because Jung's ineffective assistance of counsel claims were not argued in his direct appeal, the issues he raises in his section 2255 motion are not precluded from our review. See Shin, 953 F.2d at 561.
 
 2. Ineffective Assistance of Counsel
 
 5
 We review de novo the denial of a section 2255 motion to vacate judgment. United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986). We defer to a district court's findings of fact absent a determination that they are clearly erroneous, but apply our own judgment as to whether the conduct determined by those facts constitutes ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 698 (1984).
 
 
 6
 To establish ineffective assistance of counsel requiring reversal of a conviction, a criminal defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. Prejudice can be presumed only "where there has been an actual breakdown in the adversarial process at trial." Toomey v. Bunnell, 898 F.2d 741, 744 n. 2 (9th Cir.), cert. denied, 111 S.Ct. 390 (1990); see also United States v. Cronic, 466 U.S. 648 (1984).
 
 
 7
 To establish deficient performance under Strickland, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.
 
 
 8
 Jung contends he was denied effective assistance of counsel because (a) his trial counsel pressured him to waive a jury trial by telling him he could not get a fair trial from a jury because of his Korean background, and (b) his trial counsel did not properly advise him of his right to testify in his own behalf.
 
 
 9
 a. Jury Trial Waiver
 
 
 10
 The district court, after weighing the credibility of the witnesses, found as a factual matter that:
 
 
 11
 [T]he defendant was ... advised of the factors involved in waiving trial by jury. The question of the defendant's ethnic background was simply one of the factors discussed....
 
 
 12
 Upon review of the record of the evidentiary hearing, we cannot say the district court's findings of fact are clearly erroneous. At the hearing, Jung's trial counsel testified that he advised Jung to waive a jury trial not only because of Jung's Korean background, but also because a judge might be less inclined to focus on the drug aspects of the money laundering allegations, a judge might be more understanding of Jung's tendency to answer questions before they were interpreted, and a judge might more easily set aside the substantial publicity then surrounding another money laundering prosecution in San Diego. Trial counsel further testified that he never threatened Jung to get him to consent to the jury trial waiver. It was trial counsel's belief that Jung knowingly waived jury trial pursuant to his advice.
 
 
 13
 We conclude that trial counsel's performance was reasonable in advising Jung to waive trial by jury. See Strickland, 466 U.S. at 688. Because trial counsel's performance was not deficient, we need not consider whether Jung's defense was prejudiced.
 
 
 14
 b. Right to Testify
 
 
 15
 The district court, after weighing the credibility of the witnesses, found as a factual matter that:
 
 
 16
 [T]he defendant's trial counsel did in fact consult with the defendant extensively as to whether or not the defendant should testify at trial, and that the defendant chose to exercise his right not to testify.
 
 
 17
 Upon review of the record of the evidentiary hearing, we cannot say these findings of fact are clearly erroneous. At the hearing, Jung's trial counsel testified that he discussed at some length with Jung whether or not Jung should testify, and after mock examinations and cross-examinations, trial counsel concluded that Jung would be a bad witness. Further, trial counsel testified that Jung expressed concern that should he take the witness stand, he could and would be cross-examined about conversations he might have had with his codefendant wife, and this could strengthen the government's case against her. Trial counsel testified that Jung expressed an unwillingness to testify if it might put his wife in further jeopardy. We conclude that trial counsel's performance in advising Jung regarding his right to testify was not deficient. We need not address the prejudice prong in Strickland.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3