988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Barragan LOPEZ, Defendant-Appellant.
 No. 91-56159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; Nos. CV-89-3142-ER, CR-83-0683-ER-2, Edward Rafeedie, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Barragan Lopez, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. This case involves a series of robberies and extortions to benefit West Coast Metallics Industries, a metal refining company owned by Lopez's codefendant Paula Nadir. Lopez was convicted of conspiracy in violation of 18 U.S.C. § 371, two counts of obstruction of interstate commerce by robbery in violation of 18 U.S.C. § 1951, two counts of collection of extensions of credit by extortionate means in violation of 18 U.S.C. § 894, and racketeering in violation of 18 U.S.C. § 1962. We affirmed the conviction on direct appeal. United States v. Lopez, 803 F.2d 969 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 
 3
 Lopez contends that he was denied the right to testify and received ineffective assistance of counsel because his trial attorney did not inform him of the district court's decision to exclude prior convictions. He contends that he received ineffective assistance of counsel on direct appeal because his appellate attorney did not adequately address the admissibility of coconspirator statements. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 4
 * Right to Testify
 
 
 5
 Lopez contends that the district court erred by denying, without an evidentiary hearing, his claims that he was denied the right to testify and received ineffective assistance of counsel because his attorney failed to inform him of the district court's decision to exclude prior convictions. This contention lacks merit.
 
 
 6
 We review de novo the denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). The district court may deny a section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; cf. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam) (issues of credibility usually require an evidentiary hearing).
 
 
 7
 A criminal defendant has a constitutional right to testify. United States v. Martinez, 883 F.2d 750, 754 (9th Cir.1989) (citing Rock v. Arkansas, 483 U.S. 44, 49 (1987)), vacated on other grounds, 928 F.2d 1470 (9th Cir.), cert. denied, 111 S.Ct. 2886 (1991). Waiver of this right must be intentional. Id. at 756. Nevertheless, because it is primarily counsel's responsibility to advise a defendant on whether to testify, waiver may be presumed from the defendant's conduct and a silent record regarding requests to testify. Id. at 757, 760; see also United States v. Yee Soon Shin, 953 F.2d 559, 561 (9th Cir.1992) (district court has no duty to advise defendant of right to testify); United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir.) (even where defendant claims ignorance of right to testify, silent record establishes waiver), cert. denied, 111 S.Ct. 560 (1990); Martinez, 883 F.2d at 761 ("[t]o hold that a defendant may abide by his lawyer's advice and not take the stand and then invalidate the trial because he so acted is not fair to the government").
 
 
 8
 Lopez does not claim that he was unaware of his right to testify; he claims that his attorney persuaded him not to testify by concealing the district court's ruling regarding the prior convictions. Accordingly, his claim is one of ineffective assistance of counsel. See Martinez, 883 F.2d at 761.
 
 
 9
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct falls within "the wide range of reasonable professional assistance," and an attorney's tactical decisions are essentially unreviewable. Id. at 689-90; United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985). To establish prejudice, the defendant must show that there is a reasonable probability that but for counsel's errors, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 687.
 
 
 10
 The district court found that Lopez's attorney Chester Brown informed him of the evidentiary ruling and therefore provided effective assistance.[1] See Strickland, 466 U.S. at 687. The government concedes that this ruling could not properly be made without an evidentiary hearing. The district court also found that Lopez did not establish that his failure to testify prejudiced his defense. See id. We affirm for this reason.
 
 
 11
 Lopez states that had he testified, he would have denied his involvement in any of the crimes. He contends that this testimony would have contradicted government informant Daniel Mandel's testimony, which was the only evidence against him.
 
 
 12
 As we found on direct appeal, other evidence corroborated Mandel's testimony as to the "Wilkinson robbery." Lopez, 803 F.2d at 973. We also found that the defendants "presented extensive evidence impeaching Mandel. The jury was aware of the challenges to Mandel's credibility; nevertheless, it believed him." Id. In these circumstances, Lopez has not established a reasonable probability that his testimony would have led to his acquittal. See Strickland, 466 U.S. at 687.
 
 
 13
 Accordingly, we affirm the district court's denial of Lopez's claims regarding his failure to testify.
 
 II
 Assistance of Appellate Counsel
 
 14
 Lopez contends that his appellate attorney Daniel Lavery provided ineffective assistance by failing adequately to argue that the district court erred by admitting Mandel's testimony concerning Nadir's statements about Lopez's involvement in a robbery of gold on December 8, 1980. He contends that Lavery should have argued that the testimony was not admissible as coconspirator's statements under Fed.R.Evid. 801(d)(2)(E) because the government used only the statements themselves to establish Lopez's participation in a conspiracy with Nadir. See United States v. Gordon 844 F.2d 1397, 1402 (9th Cir.1988) (rule that "there must be some evidence, aside from the proffered statements, of the existence of the conspiracy and the defendant's involvement" remained law of this circuit after Bourjaily v. United States, 483 U.S. 171 (1987)). Whether or not Lavery raised this issue, we considered it and found that Mandel's testimony about the December 8 robbery and other matters was sufficient to establish Lopez's participation in the conspiracy. See Lopez, 803 F.2d at 974. Accordingly, Lopez has not established ineffective assistance of appellate counsel. See Strickland, 466 U.S. at 687.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lopez submitted a declaration stating that Brown "repeatedly cautioned against my testifying, informing me that the government would bring up my prior murder conviction." Lopez also stated that when Brown visited him after trial, "I told Mr. Brown that I had reviewed my trial transcript and noted that the court had ruled in my favor on the motion in limine to exclude the prior murder conviction. I asked Mr. Brown why he did not inform me of the court's ruling. Mr. Brown responded that he did not want me to take the stand."
 The government submitted Brown's declaration stating that it was his practice to inform clients of evidentiary rulings. Brown also stated: "I do specifically recall discussing with Mr. Lopez on numerous occasions the fact that if he testified, he would not be able to explain his whereabouts during the approximately fifteen years in which he was incarcerated. Nor would he be able to explain how he met the co-defendant, John Vlahovich, who had been incarcerated on death row with Mr. Lopez.... I told Mr. Lopez that if he suggested during his testimony that he was somewhere other than in custody ... he might open the door to cross-examination about his past. In this way, the defendant's prior convictions might become known to the jury through the 'back door.' " Brown "was also concerned about [Lopez's] demeanor on the witness stand, because he would have appeared to be a 'tough' man and the charges involved violent crimes."