15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Albert HOWARD, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 93-15411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 27, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Howard appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion for relief from the court's summary judgment for the Secretary of Health and Human Services (Secretary) in Howard's action, seeking review of the Secretary's denial of his claim for disability insurance benefits under sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sec. 401 et seq. Howard alleged that he was disabled by hypertension, sleep apnea and diabetes. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 4
 "Rule 60(b) ... provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.' " Id. at 1442; accord Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 5
 Here, Howard and the Secretary both filed motions for summary judgment before the district court. Additionally, the Secretary filed an opposition to Howard's motion. Pursuant to a stipulation between the parties, Howard was required to file any opposition to the Secretary's motion by December 9, 1992. On January 22, 1993, without any opposition filings by Howard, the district court addressed the merits of parties' motions and granted summary judgment for the Secretary.
 
 
 6
 On February 19, 1993, Howard filed a motion for reconsideration based upon an opposition brief which he filed on January 13, 1993. He appeared to allege that inadvertence by the clerk's office in San Jose to forward his filing to the district court in San Francisco before the court issued a judgment required the court to set aside its order. Because Howard filed his opposition brief in San Jose over a month beyond the deadline, the court denied his motion for reconsideration. We discern no abuse of discretion. Howard failed to raise any factors warranting relief under Rule 60(b) before the district court. See Fuller, 950 F.2d at 1442; Backlund, 778 F.2d at 1388.
 
 
 7
 Howard further contends that, although the notice of appeal states that he "appeals to the United States Court of Appeals for the Ninth Circuit from the Order Re Motion to Reconsider Summary Judgment filed on February 19, 1993," we should review the underlying judgment. He argues that a "technical defect" should not bar this court from reviewing the underlying judgment. We disagree.
 
 
 8
 "Under Fed.R.Crim.P. 3(c), the notice of appeal 'shall designate the judgment, order or part thereof appealed from.' " United States v. Yee Soon Shin, 953 F.2d 559, 560 (9th Cir.1992). We have held that a "mistake in designating the judgment appealed from does not bar an appeal if the intent to appeal a specific judgment can be inferred and the appellee is not prejudiced or misled by the mistake." Id.
 
 
 9
 In his reply brief, Howard concedes that he designated "the postjudgment order rather than the final judgment." Because the Secretary has neither briefed nor argued the merits of the underlying judgment, she would be prejudiced by Howard's oversight if we considered the issue. Cf. Shin, 953 F.2d at 560-61 (although defendant failed to designate a specific judgment in notice of appeal, government not prejudiced where it fully briefed the merits of the issue). We therefore decline to review the underlying judgment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3