42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Kanubhai Dahyabhai PATEL, Defendant/Appellee.
 No. 93-10620.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1994.*
Decided Dec. 5, 1994.
 
 1
 Before: ALARCON, HALL, Circuit Judges, KING** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Kanubhai Dahyabhai Patel pled guilty to one count of conspiring to distribute and to possess with the intent to distribute cocaine base in violation of 21 U.S.C. Secs. 846 and 841(a)(1), three counts of aiding and abetting and distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 and two counts of money laundering in violation of 18 U.S.C. Sec. 1956(a)(3)(B).
 
 I.
 
 4
 Counsel appointed to represent Patel in this appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In that brief counsel advised this court that Patel contended that the district court's failure to supply him with an adequate interpreter caused him to enter a guilty plea which was not knowing or voluntary. Counsel cited the relevant authority that accords an accused the right to a court-appointed interpreter if he or she "speaks only or primarily a language other than the English language." 28 U.S.C. Sec. 1827(d). Counsel also directed this court to the pertinent portions of the record that might demonstrate whether the services of the interpreter were inadequate.
 
 
 5
 After reviewing the record, Patel's appointed counsel advised this court that it appeared to him that "Appellant has no nonfrivolous issue on appeal." Counsel requested permission to withdraw. Counsel sent Patel a copy of the Anders brief and the motion to withdraw. In a letter dated February 24, 1994, counsel informed Patel that he had a right to inform counsel of any additional issues that he wished to present to this court. Patel was also informed he had the right to express his disagreement with any portion of the brief filed by counsel. Counsel's representation of Patel in this matter has substantially complied with his duties under Anders.
 
 
 6
 On April 7, 1994, Patel filed an opening brief pro se. Patel raises the following contentions:
 
 
 7
 One. Because the district court erred in failing to supply him with an adequate interpreter, his guilty plea was not knowing and voluntary.
 
 
 8
 Two. His right to due process was infringed because he received ineffective representation by counsel.
 
 
 9
 Three. The district court erred in failing to grant a downward departure pursuant to section 5K1.1 of the United States Sentencing Guidelines.
 
 
 10
 Four. He was sentenced in violation of his due process rights because he was not afforded an opportunity to review and understand the presentence report.
 
 
 11
 We affirm because the trial record fails to support any of these contentions. We address each issue in the order presented in Patel's pro se brief.
 
 II.
 
 12
 Patel argues that the interpreter supplied by his retained trial counsel was not qualified to interpret Gujrati, the language spoken by Patel. He asserts that the interpreter spoke Punjabi. Patel also alleges that he was not provided with an interpreter at all phases of the proceeding, which prevented him from reviewing and understanding his guilty plea and presentence investigation report. No objection was made at trial regarding the qualifications of the interpreter, nor did Patel advise the court that he needed an interpreter at all phases of the trial. The record shows that at the time of the entry of his plea of guilty, Patel had lived in the United States for twelve years. Patel responded to a number of questions in English without the aid of an interpreter. He responded affirmatively to several questions regarding whether he understood the court's question. The record reflects the following colloquy:
 
 
 13
 THE COURT: The court understands that the defendant's main language is Pakistani is that correct?
 
 
 14
 MR. STEFANO: East Indian, your Honor.
 
 
 15
 THE COURT: East Indian?
 
 
 16
 Mr. Patel, you have been appearing here previously without an interpreter. It's my understanding that you do understand English sufficiently to have appeared at the prior hearings.
 
 THE DEFENDANT: Yes
 
 17
 THE COURT: But that you do not feel that you should proceed on the plea agreement without an interpreter, is that correct, sir?
 
 
 18
 MR. STEFANO: Your honor--
 
 
 19
 THE DEFENDANT: That's correct.
 
 
 20
 (emphasis added).
 
 
 21
 This portion of the record belies Patel's claim that he "does not understand the English Language." Appelant's Pro Se Opening Br. at 2. The quoted portion of the proceeding demonstrates that Patel gave responsive answers in the English language to the court's questions.
 
 
 22
 The court found that Patel had a "general command of the English language". The record demonstrates that this finding was not clearly erroneous. See Gonzales v. United States, 33 F.3d 1047, 1050 (1994) (we review findings regarding the necessity to appoint an interpreter for clear error). Accordingly, the court did not err by failing to provide an interpreter for the entire proceeding because Patel has not demonstrated that he was entitled to an interpreter.
 
 
 23
 The record provides no support for Patel's contention that his interpreter was ineffective. We have held that "the use of interpreters in the courtroom is a matter within the trial court's discretion." United States v. Mayans, 17 F.3d 1174, 1179 (9th Cir.1994). The district court approved Patel's interpreter after finding that Patel had a general knowledge of the English language, but that "he wanted the interpreter to step in in case he didn't understand something the court said." The interpreter, who was provided by Patel, was certified to interpret in state court. In spite of numerous opportunities, Patel did not object at trial to the ability of the interpreter to translate English into Gujrati. See United States v. Yee Soon Shin, 953 F.2d 559, 561 (9th Cir.1992) (holding that failure to object to the effectiveness of the interpreter weighs against a finding of abuse of discretion). In fact, when the court asked Patel whether "the interpreter is, I guess, good enough to make [Patel] feel comfortable in having him interpret for [Patel] today in this proceeding," Mr. Patel replied "Yes, sir." Thus, there is nothing in the record which supports Patel's claim that his interpreter was ineffective. The district court did not abuse its discretion in permitting Patel to avail himself of the services of the interpreter selected by his attorney.
 
 III.
 
 24
 Patel also contends that his attorney was ineffective. "Claims of ineffective assistance of counsel in federal criminal trials customarily are addressed on collateral attack under 28 U.S.C. Sec. 2255 rather than for the first time on appeal. Where, as here, the record on appeal suffices to permit evaluation of the claim, we may decide the issue." United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.) (citations omitted), cert. denied, 113 S.Ct. 2948 (1993).
 
 
 25
 Patel makes numerous factual allegations in his pro se brief to support this argument. He has failed to cite any portion of the record that demonstrates counsel's ineffectiveness. We have read the record. It does not show that counsel's representation was ineffective. Therefore, we must reject this contention.
 
 IV.
 
 26
 Patel maintains that the district court erred by not granting him a downward departure in his sentence for substantially assisting the government. Patel waived this argument because he failed to raise it before the district court. See United States v. Parker, 991 F.2d 1493, 1501 (9th Cir.), cert. denied, 114 S.Ct. 121 (1993) (holding that the failure to seek a reduction at sentencing precludes consideration of the claim on appeal). Patel also contends, however, that the Government violated the plea agreement because it did not make a motion for a downward departure pursuant to section 5K1.1 of the Sentencing Guidelines. This contention is meritless. The plea agreement obligated the Government to make such a motion only as necessary to effectuate a 120 month sentence. Because Patel was sentenced to 120 months, the Government was not required by the plea agreement to make a section 5K1.1 motion.
 
 V.
 
 27
 Patel also maintains that he was not afforded an opportunity to review and understand his presentence investigation report. However, the record reads as follows:
 
 
 28
 THE COURT: ... Mr. Patel, did you in fact have the opportunity to review this probation report and discuss it with your attorney?
 
 
 29
 THE DEFENDANT: Yes.
 
 
 30
 THE COURT: And did you do so?
 
 
 31
 THE DEFENDANT: Yes.
 
 
 32
 Thus, Patel's contention that he was not afforded an opportunity to review and understand his presentence investigation report lacks merit.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, United States Senior District Judge, of Honolulu, Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3