145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Angel A. ROJO, Defendant-Appellant.
 No. 96-50514.
D.C. No. CR-94-00723-JGD-02.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998.**
Decided June 12, 1998.
 
 Appeal from the United States District Court for the Central District of California, John G. Davies, District Judge, Presiding.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Angel A. Rojo appeals his conviction after his guilty plea to interstate travel and transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952, and use of a communication facility in facilitating and committing a felony under the Controlled Substance Act in violation of 18 U.S.C. § 843(b). We have jurisdiction pursuant to 21 U.S.C. § 1291, and we affirm.
 
 
 3
 Rojo contends that his Travel Act conviction must be reversed because his guilty plea to the court was not supported by a sufficient factual basis. This contention lacks merit.[1]
 
 
 4
 Prior to accepting a defendant's guilty plea, the district court must be satisfied that there is a factual basis for the plea. See Fed.R.Crim.P. 11(f). A Travel Act violation merely requires the government to prove that the defendant committed "a subsequent overt act in furtherance of [the] unlawful activity." See United States v. Winslow, 962 F.2d 845, 852 (9th Cir.1992) (quotation omitted); 18 U.S.C. § 1952(a)(3). Because in the written plea agreement and again at the plea hearing Rojo provided details of his participation in a drug related telephone conversation after traveling to New York, the court established a sufficient factual basis for Rojo's guilty plea. See Fed.R.Crim. 11(f) (1995); See McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (holding that the trial court must "satisfy [itself] that there is a factual basis for the plea").
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rojo's notice of appeal indicates his intention to challenge his "[s]entence only." Because the government has had ample opportunity to respond to Rojo's claims, we overlook this error. See United States v. Yee Soon Shin, 953 F.2d 559, 560 (9th Cir.1992); see also United States v. Littlefield, 105 F.3d 527, 528 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 2423, 138 L.Ed.2d 186 (1997)