BRORBY, Circuit Judge,
dissenting.
I dissent from the majority’s ruling under the Court Interpreters Act. The record reveals no abuse of discretion in the district court’s failure to make express findings concerning Mr. Osuna’s need for an interpreter.
The Court Interpreters Act commands an interpreter if the defendant or witness “speaks only or primarily a language other than the English language ... so as to inhibit such party’s comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witnesses’ comprehension of questions and the presentation of such testimony.” 28 U.S.C. § 1827(d)(1) (emphasis added). Accordingly, the trial judge, observing the proceedings firsthand, must first determine whether the *1296 witness’ sole or primary language is a language other than English. Only if English is not the primary language does the Court Interpreters Act makes it incumbent upon the court to further inquire and make certain findings concerning the degree to which a primary language difference inhibits communication or comprehension. ' Because the trial judge is in the best position to assess a defendant’s or witness’ language usage, comfort level and intelligibility, the appointment of an interpreter under § 1827 is committed to the sound discretion of the trial judge. See, e.g., United States v. Arthurs, 73 F.3d 444, 447 (1st Cir.1996); United States v. Yee Soon Shin, 953 F.2d 559, 561 (9th Cir.1992); Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir.1989).
In my opinion, the majority fails to apply the abuse of discretion standard to the trial court’s threshold determination in this case. Rather than defer to record evidence in support of a conclusion that the Court Interpreters Act does not apply to Mr. Osuna because his primary language is English, the majority concludes, de novo, Mr. Osuna’s Spanish-speaking background warrants further inquiry under the Act. In so doing, the majority “fly specs” the transcript and assumes the trial court judge may have failed to recognize Mr. Osuna’s capacity to understand and communicate was impaired. This approach infringes upon the trial court’s discretion to evaluate, as a threshold matter, a defendant’s or witness’ primary language usage.
The record establishes Mr. Osuna is a naturalized citizen, having lived in the United States for over twenty-seven years. The record further establishes he regularly speaks in English and testified in English at his trial. Moreover, Mr. Osuna never claimed his principal language was other than English, never requested an interpreter, and did not object to the court’s failure to appoint one when the prosecution suggested an interpreter might be helpful. To the contrary, defense counsel expressly rejected the prosecution’s suggestion. These facts weigh heavily against a finding of abuse of discretion. See Yee Soon Shin, 953 F.2d at 561.
Additionally, a review of Mr. Osuna’s testimony, which fills ninety-seven transcript pages, reveals that most of Mr. Osuna’s answers are articulate and even exhibit a high degree of familiarity with idiomatic English and with the technical details of firearms. Mr. Osuna’s less articulate answers fall into one of three categories: (1) he spoke too rapidly for the court reporter to transcribe accurately, thus prompting several instructions to “slow down”; (2) he tended to answer a question with a stream of consciousness rather than give a nice, precise answer, thus prompting admonitions to answer the question; and (3) he spoke in the jargon of gun dealers, such as “Okay. It’s a Model 93 full; two rifles with retractable stock; six magazines with mag clamp, ... three Beretta 92FS, blue, w/supp. or silencer.” None of these communication pitfalls is related to primary use of a language other than English. Read as a whole, Mr. Osuna’s testimony simply does not suggest the district court abused its discretion in failing to apply the Court Interpreters Act.
The fact Mr. Osuna was born in Mexico and occasionally spoke Spanish, and the fact a Spanish-speaking ATF agent assisted with the reverse sting operation simply does not establish as a matter of law that Mr. Osuna spoke only or primarily Spanish. Indeed, my reading of the record fails to reveal any such showing. There is absolutely no doubt Mr. Osuna communicated what he wished to the jury. Additionally, I would note much of Mr. Osuna’s testimony was in response to his counsel’s leading questions. If one assumes, ar-guendo, Mr. Osuna was unable to effectively communicate in English, his counsel certainly accomplished the communication for Mr. Osuna. Stated differently, even if one assumes error, it was harmless.
Because I conclude the trial court judge did not abuse his discretion in failing to *1297 apply the Court Interpreters Act, I would affirm.