UNITED STATES of America,
Plaintiff—Appellee,

v.

Francisco AYON, Defendant—
Appellant.

No. 99–50204.
D.C. No. CR–97–00010–RT–4.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 22, 2002.

Before HALL, THOMPSON and
WARDLAW, Circuit Judges.

MEMORANDUM**

Upon indictment on three counts related
to the manufacture, possession and distri-
bution of methamphetamine pursuant to 21
U.S.C. §§ 846, 841(a)(1), and 18 U.S.C.
§ 2(a), Francisco Ayon entered into a plea
agreement in which he pled guilty to the
§ 846 conspiracy count and waived his
right to appeal his conviction and sentence.
Notwithstanding the waiver of his right to

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

appeal, Ayon has appealed on several grounds. We have jurisdiction under 28 U.S.C. § 1291, and affirm, except as to his *Apprendi*-related claims.

■ As the validity of Ayon's waiver determines whether we can consider his weapons enhancement and downward departure claims of error, we address this issue first. Ayon claims the waiver was impermissibly vague and lacking in consideration because the government and district court failed to adequately explain what appeal rights Ayon waived and because the government's agreement to recommend dismissal of some counts, as well as a three-level sentence decrease for acceptance of responsibility, was essentially "meaningless." We reject those claims. We have repeatedly held that "[t]he sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000); *see also United States v. Anglin,* 215 F.3d 1064, 1066 (9th Cir.2000). In determining whether a defendant's appeal waiver was knowing and voluntary, we consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement...." *Nguyen,* 235 F.3d at 1182. Here, the record demonstrates that the express language of Ayon's plea agreement was clear and unambiguous as to the rights he was giving up and that the district court took care to assure that Ayon understood the terms and implications of both his plea agreement and his appeal waiver.

As indicated by *Nguyen,* the validity of Ayon's appeal waiver also rests upon the validity of the plea agreement itself. *Id.*

Ayon argues for the first time on appeal that the plea agreement itself was invalid because the government misinformed him of the statutory minimum and maximum sentences applicable to him under the agreement.[1] If Ayon's contentions are true, such misinformation may have affected the knowing and voluntary nature of the plea. *See* Fed. Rule Crim. Proc. 11(c)(1). Ayon contends that while the government and district court informed him that the statutory sentencing range for the 21 U.S.C. § 846 conspiracy charge to which he pled was ten years to life imprisonment, the actual sentencing range for the conspiracy charge was five to forty years imprisonment. Ayon fails, however, to note that 21 U.S.C. § 841(b)(1)(B) (governing Ayon's sentence for the § 846 charge) provides a sentencing range of ten years to life imprisonment for one who "commits ... a violation after a prior conviction for a felony drug offense has become final." Ayon's record reveals such a prior offense; thus, the government's information as to the applicable statutory sentencing range was correct, and we find no plain error. Ayon's plea agreement and waiver of his appeal rights are therefore valid and enforceable.

■ Given the valid plea agreement and appeal waiver, we uphold all aspects of Ayon's plea and sentencing except with respect to those issues arising under the later decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ayon asserts, and the government concedes, that Ayon never specifically admitted a quantity of drugs during his plea colloquy. Nor did he admit to the possession of a firearm. These elements thus

---

1. The government asserts that because Ayon failed to indicate that he was also appealing his conviction in the notice of appeal, he should not be allowed to challenge it. Because, however, the government was able to fully brief its responses to Ayon's conviction appeal arguments, it was not prejudiced by Ayon's incomplete notice of appeal, and we consider the merits of his claim. *See United States v. Yee Soon Shin,* 953 F.2d 559, 560–61 (9th Cir.1992).

were never proven for purposes of conviction and could not properly be used to enhance Ayon's sentence beyond the maximum possible for the offense actually proven. *Apprendi*, 530 U.S. at 477; *United States v. Buckland*, 289 F.3d 558, 570 (9th Cir.2002) (en banc). As the government admits, without the drug quantity element, it only succeeded in establishing Ayon's guilt with regard to a "detectible" amount of drugs. Conviction for conspiracy as to a "detectible" amount of drugs carries a maximum sentence of twenty years imprisonment. 21 U.S.C. § 841(b)(1)(C). The district court's use of the drug quantity and firearm elements to enhance Ayon's sentence to one of 262 months was thus plain error, and we must remand for re-sentencing pursuant to the dictates of *Apprendi.*

**REVERSED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.