**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nelly HERRERA, Defendant–Appellant.**

**No. 04–50003.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2007.

Filed June 29, 2007.

---

Tracy L. Wilkison, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Dominic Cantalupo, Esq., Law Office of Dominic Cantalupo, Santa Monica, CA, for Defendant–Appellant.

Before: PREGERSON and FERNANDEZ, Circuit Judges, and SILER,* Senior Circuit Judge.

## MEMORANDUM **

This appeal stems from two large conspiracies that involved the purchase and diversion of over 47 million tablets of pseudoephedrine to methamphetamine manufacturers. The conspiracies centered around two pseudoephedrine distributors, JDI Marketing ("JDI") and G&H. Defendant-appellant Nelly Herrera ("Herrera") worked for both companies.

A jury found Herrera guilty of two counts of conspiracy to aid and abet the manufacture of methamphetamine, and to aid and abet the possession of pseudoephedrine, knowing and having a reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(c)(2) and 18 U.S.C. § 2. The jury also convicted her of four counts of possession of pseudoephedrine, knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). In a special verdict form, the jury found that Herrera conspired to aid and abet the manufacture of more than 500 grams of methamphetamine. The district court sentenced Herrera to 360–months imprisonment, followed by five years of supervised release.[1]

Herrera appeals her conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291.

The government argues that Herrera waived her right to appeal her conviction because she did not check the little box next to the word "conviction" on the notice of appeal form. We reject this argument. Herrera's opening brief to this court clearly indicates her intent to appeal her conviction, and Herrera's failure to designate specifically in her notice of appeal that she intended to challenge both her conviction and sentence did not prejudice the government. *United States v. Shin,* 953 F.2d 559, 560 (9th Cir.1992). Accordingly, we turn to the merits of Herrera's challenges of her conviction and sentence.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court also imposed a $75,000 fine, and a $2,800 special assessment.

Herrera's challenge of the district court's evidentiary rulings is unpersuasive. *See United States v. Childs,* 5 F.3d 1328, 1333 (9th Cir.1993) (holding that documents that were not created by, but that were received, maintained, and relied upon by a business are business records under § 803(6)). Moreover, the challenged business records from Over-the-Counter Brands' ("OTCB") dovetail with other unchallenged evidence of dealings between OTCB and JDI and G&H. Finally, because the district court properly admitted the documents as business records, the Confrontation Clause is not implicated. *Cf. Parle v. Runnels,* 387 F.3d 1030, 1037 (9th Cir.2004).

Herrera contends that the district court erred when it denied her discovery motion because the government violated Federal Rule of Criminal Procedure 16, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C. § 3500. We reject all three arguments.

Agent Sandberg interviewed Herrera after she was arrested. He took rough notes during the interrogation and later compiled a report based on those rough notes. The government gave a copy of the report to Herrera, but did not turn over Agent Sandberg's rough notes.

Under the facts of this case, any error in failing to turn over the rough interview notes would have been harmless because Herrera did not allege that the final police report misrepresented or omitted her statements, nor that it attributed to her any statement she did not make. *See* Fed.R.Cr.Proc. 16(a)(1)(A) (requiring disclosure of "substance of any relevant oral statement made by the defendant"); *United States v. Griffin,* 659 F.2d 932, 938 (9th Cir.1982) (holding that "[defendant's] remarks cannot be a 'statement' for Jencks Act purposes when the agent testifies as a

government witness because it does not represent the agent's own words."). Moreover, Herrera did not raise a colorable claim that the report contains an incomplete account of the statements she made during her interview. *See id.* at 939 n. 7 (noting that "in the absence of a showing by defendant under *Brady* of materiality and content favorable to defendant, the disclosure requirement under *Brady* cannot apply").

The parties agree that we must remand for re-sentencing pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005), because the district court sentenced Herrera under the mandatory Guidelines. *See, e.g., United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (stating that "defendants are entitled to limited remands in all pending direct criminal appeals involving unpreserved *Booker* error"). Because the district court will still have to consider the now-advisory Guidelines in determining Herrera's sentence, we address the rest of Herrera's sentence-related challenges. *See Moreno–Hernandez,* 419 F.3d at 916 n. 9 (resolving remaining sentencing issues to "assure that the district court will begin in this regard with the proper interpretation of the Guidelines in determining whether it would have imposed a different sentence").

First, the district court did not err when it used U.S.S.G. § 2D1.1 to calculate Herrera's sentence. *See United States v. Myers,* 993 F.2d 713 (9th Cir.1993) (upholding use of § 2D1.1 rather than § 2D1.1 for a § 841(a) conspiracy to manufacture conviction).

Second, there was ample evidence in the records to support the district court's finding that Herrera oversaw the preparation, purchase and diversion of large quantities of pseudoephedrine through both JDI and G&H. *See United*

*States v. Ponce,* 51 F.3d 820, 827 (9th Cir.1995) (affirming a four-point enhancement under U.S.S.G. § 3B1.1 where defendant oversaw procurement and distribution of large quantities of cocaine); *see also United States v. Basinger,* 60 F.3d 1400, 1410 (9th Cir.1995) (holding that, where "the district court was able to estimate drug quantity, there is no reason to depart from 2D1.1.").

■ Third, the district court properly relied on the quantity the Pre–Sentence Report attributed to Herrera to determine her sentence within the applicable guideline. *See United States v. Harrison–Philpot,* 978 F.2d 1520, 1523 (9th Cir.1992) (finding that the district court did not err in applying the preponderance of evidence standard where "the extent of the conspiracy caused the tremendous [seven-fold] increase in sentence.").

Accordingly, we affirm Herrera's conviction and remand this matter for re-sentencing under *Ameline.*

AFFIRMED and REMANDED for re-sentencing.