**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rafael MARQUEZ–SANCHEZ,
Defendant—Appellant.**

No. 07–30477.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Lynne W. Lamprecht, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Samuel Richard Rubin, Esq., Federal Defenders of Eastern Washington & Idaho, Boise, ID, for Defendant–Appellant.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Rafael Marquez–Sanchez appeals from his jury-trial conviction for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Marquez–Sanchez contends that his right to due process under the Fifth Amendment and his right to confrontation under the Sixth Amendment were violated because he was unable to understand the court-appointed translator and did not receive a full translation during a portion of his trial in which three government witnesses testified. This contention fails because Marquez–Sanchez has failed to identify any deficiencies or omissions in the translation he received. *See United States v. Shin,* 953 F.2d 559, 561 (9th Cir.1992). Moreover, we generally view interpreter problems within the context of an entire trial and Marquez–Sanchez was able to respond to the government's witnesses through his own testimony. *See United States v. Long,* 301 F.3d 1095, 1105 (9th Cir.2002). Further, even assuming that there was a lapse in the continuous word-for-word translation, an occasional lapse does not necessarily contravene an individual's constitutional rights. *See id.*

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.