**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50250 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01085-CAS-1 |
| v. | |
| YONGDA HUANG HARRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 5, 2015[**]
Pasadena, California

Before: O'SCANNLAIN, SILVERMAN, and WARDLAW, Circuit Judges.

Yongda Huang Harris appeals his conviction and five-year sentence of

probation following his guilty plea to making false statements in a customs

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

declaration form, in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291. We **AFFIRM IN PART AND REMAND IN PART**.

Harris may appeal his conviction despite indicating in his notice of appeal that he was appealing his "sentence only" because both parties fully briefed the matter. *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (per curiam); *United States v. Shin*, 953 F.2d 559, 560-61 (9th Cir. 1992). Any difficulty the government may have in re-prosecuting the case were we to reverse Harris's conviction is speculative and would not be caused by Harris's omission. Nor is this appeal barred by the appeal waiver in the plea agreement because the agreement specifically preserves Harris's right to appeal on the ground that his plea was involuntary and the right to appeal the sentencing issues he now raises.

When Harris pled guilty to making a false statement, he was advised that it is a crime to willfully make a false statement, to do so deliberately and with knowledge that the statement is untrue. He was not specifically advised that the government was also required to prove that he knew that making a knowing and deliberately false customs declaration is illegal. Even assuming that Harris should have been advised that the government had to prove that he knew that willfully making a false statement is a crime, Harris did not show that he suffered any prejudice as a result. There is no reason to believe that Harris, who was

represented by counsel, did not know that it is a crime to make a false statement. Nor is there any claim that he would not have pled guilty if he had been informed by the court that "willfully" requires proof that he knew that lying on a customs declaration is a crime. Thus, on plain error review, *United States v. Anderson*, 741 F.3d 938, 945-46 (9th Cir. 2013), we conclude that any error did not "affect[] the outcome of the district court proceedings" or the "fairness, integrity or public reputation of judicial proceedings," *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

The district court was not required to credit the five months Harris spent in pretrial detention toward his term of probation because, by its plain language, 18 U.S.C. § 3585(b)(1) only applies to sentences of imprisonment, not sentences of probation. Given the items Harris was carrying in his luggage and the files found on his laptop at the time he made the false statements on his customs declaration form, the district court did not abuse its discretion in deciding that a five-year term of probation was the appropriate sentence, despite the fact that Harris had spent five months in pretrial detention. Pretrial detention is not a term of imprisonment and therefore the five months Harris spent in pretrial detention does not cause Harris's sentence to exceed the statutory maximum or run afoul of 18 U.S.C. §

3561(a)(3)'s prohibition on sentencing a defendant to both a term of probation and a term of imprisonment.

Rather than meeting Harris's arguments about the constitutionality of the condition of probation prohibiting contact with minors unless Harris secures advance permission from his probation officer, the government does not oppose a remand to the district court for clarification of the condition as written to accord with the discussion at sentencing. We therefore remand this aspect of Harris's case to the district court for clarification.

**AFFIRMED IN PART AND REMANDED IN PART**.