**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael NGUYEN, aka Viet Quoc Nguyen, Defendant–Appellant.**

**No. 99–10195.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2000

Filed Dec. 28, 2000

---

1. Honorable Lawrence K. Karlton, United States District Judge for the Eastern District of California, sitting by designation.

Arthur Pirelli, of San Francisco, California (argued), for the defendant-appellant.

J. Douglas Wilson, Chief, Appellate Section (argued), Robert S. Mueller, III, U.S. Attorney for the Northern District of California, Steven F. Gruel, Assistant U.S. Attorney, of San Francisco, California, for the plaintiff-appellee.

Before: O'SCANNLAIN, LEAVY, and RONALD M. GOULD, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We are asked to decide, once again, whether a waiver of rights to appeal clause in a plea agreement is enforceable.

I

As part of an investigation into Vietnamese gang activity in the San Jose area, an undercover officer sold purportedly stolen computer chips to Michael Nguyen ("Nguyen"). At a later date, a second undercover officer, posing as an Intel Corporation employee, sold over $250,000 worth of Intel CPUs and hard drives to Nguyen, Lawrence Wong ("Wong"), and Jason Nguyen for under $75,000.

In April 1995, the undercover officer told Wong and Nguyen that he was working at an Intel warehouse containing 5,000 Pentium computer chips. After Nguyen and Wong developed a plan to rob the warehouse, Nguyen discussed the plan with the undercover officer in May 1995. On the evening of May 25, 1995, law enforcement officers followed and arrested Thanh Tam Cao, an associate of Nguyen, and several other men outside the warehouse and at a nearby restaurant. The officers seized firearms and robbery tools from the arrestees.

In addition to Nguyen's involvement in the Intel warehouse robbery, law enforcement agents also determined that Nguyen participated in an illegal gambling enterprise operated out of the San Jose offices of Prestige Computer. Through the use of a wiretap, the officers heard Nguyen take an illegal sports bet over the telephone.

Based on his involvement in the Intel warehouse robbery and the Prestige Computer gambling ring, Nguyen was indicted on seven counts charging him with violations of the Hobbs Act (obstruction of interstate commerce), 18 U.S.C. § 1951; using or carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1); conspiracy, 18 U.S.C. § 371; and illegal gambling, 18 U.S.C. § 1955. Nguyen and the government then entered into a plea agreement in which Nguyen agreed to plead guilty to one count of conspiracy to violate the Hobbs Act, one firearms count, one count of conspiracy to engage in an illegal gambling enterprise, and one count of conspiracy to knowingly transport in interstate commerce stolen goods worth more than $5,000. In the plea agreement, filed on June 17, 1996, Nguyen expressly waived his rights to appeal his conviction and any sentence within the guideline range. He also agreed "that he will not request nor will he be permitted to withdraw his guilty pleas any time after the entry of the guilty pleas." In exchange, the government agreed, among other things, to dismiss the remaining counts against Nguyen and to move for a downward departure under U.S. Sentencing Guidelines § 5K1.1 if the government determined that Nguyen provided "full and complete cooperation."

On June 17, 1996, the district court held a Rule 11 plea colloquy in Nguyen's case. Nguyen stated that he understood the plea agreement and its waiver provisions. After establishing that Nguyen understood the rights he was waiving and that a factual basis existed for Nguyen's plea, the district court found that Nguyen's plea was knowingly and voluntarily made, and it accepted the plea.

On January 13, 1998, Nguyen filed a pro se motion to withdraw his guilty plea, arguing that no factual basis existed for his plea to the § 924(c) firearms charge and that his attorney had failed to inform him of the consequences of his guilty plea. On October 23, 1998, the district court denied the motion, concluding that "no fair and just reason" existed to allow for withdrawal.

Nguyen was sentenced on February 22, 1999 to concurrent terms of 60 months' imprisonment on the convictions for conspiracy to violate the Hobbs Act, conspiracy to engage in an illegal gambling enterprise, and conspiracy to transport in

interstate commerce stolen goods, and a mandatory consecutive 60–month term on the firearms conviction.

Notwithstanding his waiver of his rights to appeal both his conviction and his sentence, Nguyen filed a notice of appeal.

## II

■ We review the district court's denial of Nguyen's motion to withdraw his guilty plea for an abuse of discretion. *United States v. Turnipseed,* 159 F.3d 383, 387 (9th Cir.1998). Nguyen moved to withdraw his plea on the ground that there was no factual basis for a violation of 18 U.S.C. § 924(c)(1). Before the district court, Nguyen admitted that he was guilty of conspiring to obstruct commerce by agreeing to participate in an armed robbery of a· warehouse. He also admitted that he knew that guns would be used in the robbery. Firearms were in fact found in one of the vehicles used in connection with the robbery. The district court did not abuse its discretion when it concluded that the government's evidentiary proffer and Nguyen's own admissions formed a factual basis for the § 924(c)(1) violation.

## III

■ We review the question whether a defendant has validly waived his statutory right to appeal de novo. *United States v. Anglin,* 215 F.3d 1064, 1066 (9th Cir. 2000). A defendant's right to appeal is statutory, rather than constitutional, in nature. *Id.* Knowing and voluntary waivers of appellate rights in criminal cases are "regularly enforce[d]." *Id.* "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068. Thus, if Nguyen's waiver of appellate rights was knowing and voluntary, inquiry into the waiver's validity is at an end; the valid waiver bars Nguyen's underlying challenges to his conviction and sentence and we must dismiss the appeal. *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994).

■ In determining whether a defendant's plea agreement waiver of his right to appeal was knowingly and voluntarily made, we consider the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with Federal Rule of Criminal Procedure 11. *Anglin,* 215 F.3d at 1066.

■ In the signed plea agreement, Nguyen expressly waived "his right to appeal a finding of guilt following his guilty plea" and declared that "it is his knowing and voluntary intention to do so." Nguyen also waived "any right to appeal any sentence by the court which is within or below the applicable guideline range." He made clear in the agreement that he was "entering his guilty plea freely and voluntarily, and not as the result of force, threats, assurances, or promises other than the promises contained in the agreement." Nguyen also stated that he entered the agreement "not under the influence of any drug, medication, liquor, intoxicant or depressant, and [ ... ] fully capable of understanding the terms and condition[s] of this plea agreement." In a section of the agreement entitled "Waiver of Defendant's Rights," Nguyen further stated that he had consulted with his attorney, understood and voluntarily agreed to the agreement, had discussed the case against him with his attorney, and was not entering into the agreement as the result of any coercion or promises "other than the promises contained in this agreement." Nguyen also reiterated the voluntary nature of his actions, his satisfaction with defense counsel, and his ability to understand the plea agreement. In sum, the express language of the plea agreement clearly recited that Nguyen's waiver was knowing and voluntary.

The facts and circumstances surrounding the signing and entry of the plea agreement also support a finding that the waiver was knowingly and voluntarily made. In the Rule 11 plea colloquy, the

district court conducted careful questioning of Nguyen in order to establish the knowing and voluntary nature of his entry into the plea agreement.

The district court began by addressing the need for a Vietnamese interpreter, telling the defendant (who indicated that an interpreter was unnecessary) that "I understand that you speak English, but just to make sure you understand, because this is important, I'm going to ask to go through the interpreter. All right?" The defendant agreed. The district court asked Nguyen questions confirming that he was not forced into the agreement, that he actually signed the agreement, and that he fully understood the agreement. The district court asked the defendant if he had any questions about the agreement; Nguyen responded negatively. Defense counsel then told the district court that he and Nguyen reviewed the plea agreement "in great detail." The district court inquired further into Nguyen's ability to speak English, and asked: "What is this document? What is it called?" Nguyen answered, in English, "Plea agreement." Nguyen also informed the district court that he speaks and understands English "quite well" and has lived in the United States since 1981. After being told by Nguyen (in English) that in his daily life he uses Vietnamese more than English, however, the district court switched back to the interpreter.

After reviewing with Nguyen the charges against him and the applicable penalties, the district court turned to discussion of Nguyen's sentence. The district court carefully confirmed Nguyen's understanding of his waiver of the right to appeal his sentence. After posing the question using two fairly technical formulations, the district court offered a layman's explanation of waiving the right to appeal one's sentence: "In other words, if the court here sentences you within the guideline range, that's it, you're stuck with that no matter what. Do you understand that?" Nguyen stated that he did.

The district court proceeded to establish a factual basis for Nguyen's guilty plea. After hearing from the government regarding the proof that would have been offered at trial, the district court asked Nguyen to "tell [the court] in your own words what you did that makes you feel you're guilty" of the various counts; Nguyen proceeded to do so in both English and Vietnamese. Finally, the district court accepted Nguyen's formal pleas of guilty to counts one, three, six, and seven of the superseding indictment, making a finding on the record "that Mr. Nguyen is making a knowing and voluntary plea that's supported by an independent basis in fact."

As the summary provided above suggests, the Rule 11 colloquy conducted by the district court was a model of thoroughness and care. If a painstaking, bilingual Rule 11 colloquy does not pass muster, it is difficult to imagine what colloquy would. The district court's exhaustive colloquy supports and confirms the conclusion that Nguyen's waiver of his right to appeal was part of a plea agreement that he entered into in an intelligent and voluntary manner. To hold that Nguyen's waiver was not knowing and voluntary "would reduce the district judge's careful colloquy to a nullity and improperly ignore [Nguyen's] reasonable understanding at the time [he] entered [his] guilty plea." *Anglin,* 215 F.3d at 1068.

Nguyen does not dispute the language of the waiver provisions in the plea agreement, nor does he allege that he entered into the agreement and pled guilty as the result of duress, coercion, or prosecutorial duplicity. He also does not point to any defect in the Rule 11 proceedings. Rather, his only real challenge to the knowingness and voluntariness of his waiver is that his trial counsel "erroneously advised him that under the law his position that he was not liable or responsible for the guns [under § 924(c) ] was incorrect."

In essence, Nguyen argues that his waiver was not knowing and voluntary because he did not realize the strength of his potential appellate claims at the time that he entered into the plea agreement. Under Nguyen's view, a waiver of appellate rights would be essentially meaningless; the waiver would be valid if the claims were meritless, but invalid if the claims were meritorious. The whole point of a waiver, however, is the relinquishment of claims *regardless* of their merit.

Nguyen's attempt to make an end-run around his waiver by repackaging substantive challenges to his conviction as going to the voluntariness of his plea would render the waiver a nullity. Not surprisingly, we previously have rejected this argument. In *United States v. Navarro–Botello*, 912 F.2d 318 (9th Cir.1990), the defendant challenged the voluntariness of his waiver of appellate rights by arguing that he did not appreciate the character and strength of the potential claims on appeal that he relinquished. We rejected this argument: "[The defendant] knew he was giving up possible appeals, even if he did not know exactly what the nature of those appeals might be. In exchange, he gained a set sentence. Just because the choice looks different to Navarro–Botello with the benefit of hindsight, does not make the choice involuntary." *Id.* at 320. The same analysis bars Nguyen's challenge to his conviction. Simply because Nguyen might have made a different choice if told of his supposedly valid appellate claims "does not make [his] choice involuntary."

## IV

The district court properly denied Nguyen's motion to withdraw his guilty plea. The record in this case establishes that Nguyen's waiver of his right to appeal was knowing and voluntary, and *Navarro–Botello* forecloses Nguyen's attempt to collapse the validity of his waiver into his underlying case on appeal. Finding Nguyen's waiver of his right to appeal to be valid, we dismiss his remaining claims.

AFFIRMED.