UNITED STATES of America,
Plaintiff–Appellee,

v.

Marlon Alfonso FIGUEROA, aka
Seal A, Defendant–Appellant.

No. 98–50515.

D.C. No. CR–97–01155–HLH–1.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

counsel is relieved. *See United States v. Griffy,* 895 F.2d 561, 563 (9th Cir.1990).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Ries's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. All other outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**540**

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

### MEMORANDUM **

Marlon Alfonso Figueroa appeals his 44–month sentence imposed after he plead guilty to conspiring to alter vehicle identification numbers ("VIN's"), conspiring to traffic in vehicles with altered VIN's, and trafficking in vehicles with altered VIN's, in violation of 18 U.S.C. §§ 371, 511(a)(1), and 2321(a).

The plea agreement provides that "you [Figueroa] knowingly and voluntarily waive your right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the court determines that your total offense level is 22 or below." The district court, adopting the factual reports of the probation officer and the recommended offense level of 22, determined that the total offense level was 22.

The waiver of the right to appeal is dispositive unless the plea was not knowing and voluntary. *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000). There is no argument or indication in the record that the plea was not knowing and voluntary, therefore the waiver of appeal is enforceable. *Id.*

Counsel for Figueroa filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this motion was referred to this panel. The brief that counsel filed with the motion raised two arguments on the merits. We have concluded that Figueroa waived his right to appeal. Counsel's motion to withdraw as counsel of record is GRANTED, and the appeal is DISMISSED.

APPEAL DISMISSED.