**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus SILVA–GAMEZ, Defendant–Appellant.**

No. 02–50405.

D.C. No. CR–00–03926–W.

United States Court of Appeals,
Ninth Circuit.

R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the

**368**

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

· Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM**

Jesus Silva–Gamez appeals the sentence imposed following revocation of his term of supervised release. We review de novo, *United States v. Anglin,* 215 F.3d 1064, 1066 (9th Cir.2000), and we dismiss.

On appeal, Silva–Gamez contends that his statute of conviction, 21 U.S.C. § 960(b), is unconstitutionally vague in that it does not establish a maximum term of supervised release. We dismiss the appeal for lack of jurisdiction because prior to his guilty plea conviction, Silva–Gamez entered into a plea agreement in which he knowingly and voluntarily waived his right to appeal or collaterally attack his conviction and sentence. *See United States v. Nguyen,* 235 F.3d 1179, 1182–83 (9th Cir. 2000) (recognizing that courts will enforce waiver of appeal rights if waiver language encompasses defendant's right to appeal on grounds claimed on appeal, and if waiver is knowingly and voluntarily made).

**DISMISSED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.