**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Orlino U. ULIBAS, Defendant— Appellant.**

No. 02–10233.

D.C. No. CR–00–00323–DAE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Decided May 27, 2003.

Before LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM*

Orlino Ulibas appeals his conviction and sentence following a guilty plea to drug possession charges, arguing that he should be allowed to do so because his waiver of appeal was not knowing or voluntary. We disagree, and dismiss the appeal.

■ The plea agreement does not fail for lack of consideration. Ulibas argues that the government gave up nothing by agreeing not to charge a firearms offense (which he claims lacked evidence to support it) and to dismiss the methamphetamine count that carried a ten year mandatory minimum, replacing it with a superseding information charging a five year mandatory minimum. He submits that in essence the government incorporated drug quantities from the indictment into the plea agreement, as he was actually sentenced to 120 months anyway. We do not agree that the government's concessions were illusory. *See United States v. Franco–Lopez*, 312 F.3d 984, 990–91 (9th Cir.2002). Under the terms of the plea agreement, the low end of the applicable guideline range was reduced. In addition, Ulibas could have received a sentence of 70–87 months had he successfully challenged ownership of the methamphetamine found in the bathroom. Although he did not in fact do so, this possibility was considerably more

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

favorable to him than the mandatory sentence to which he had been exposed under the indictment.

 Although Ulibas is a native speaker of Ilocano, he has lived in the United States for nearly 25 years, he gave responsive answers in English to the district court, he explicitly affirmed that he understood the terms of the plea agreement and what was going on, and despite being told to ask the interpreter or tell the court if he did not understand anything or the words being used, he never did. When asked during the colloquy whether the government's factual recitation was correct, Ulibas expressed disagreement with part of it. Ulibas did not avail himself of the opportunity to have the agreement translated because he understood the words and meaning, and did not use the interpreter who was available at the hearing. The district court found that his plea was knowing and voluntary. Under these circumstances, Ulibas's challenge based on an inability to comprehend English must fail. *See United States v. Nguyen,* 235 F.3d 1179 (9th Cir.2000); *Gonzalez v. United States,* 33 F.3d 1047 (9th Cir.1994).

While the magistrate judge erred by not explaining the appellate waiver personally as required by Fed.R.Crim.P. 11(c)(6), the error is not one that affects substantial rights such as to warrant reversal. *See United States v. Siu Kuen Ma,* 290 F.3d 1002, 1005 (9th Cir.2002). The waiver provision was correctly summarized by the prosecutor, and Ulibas acknowledged that he understood the plea agreement, had no questions about it, and signed it. *Id.*

Because the appellate waiver provision is valid and enforceable, we cannot entertain Ulibas's challenge to his sentence.[1] As Ulibas did not enter a conditional plea reserving the right to appeal denial of the motion to suppress, and as the plea agreement is valid, his challenge to that ruling is also waived. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

DISMISSED.

---

1. To the extent that Ulibas independently challenges his sentencing because an interpreter was not present, the challenge also fails for the same reasons we have already explained. He did not manifest any lack of comprehension of the proceedings or the language.