**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Christopher Wayne CHAPMAN,
Defendant—Appellant.**

No. 03–50276.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Ronald L. Cheng, Esq., Robert Edward Dugdale, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant-Appellant.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Christopher Wayne Chapman appeals the sentence imposed following his guilty plea to conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. We dismiss the appeal because Chapman waived his right to appeal the sentence in the plea agreement. The

district court, as required by Fed. R.Crim.P. 11(c)(6), informed Chapman during the plea colloquy of, and determined that Chapman understood, the terms of the waiver, and there is no indication that the waiver was made other than knowingly and voluntarily. *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir. 2000) ("The sole test of a waiver's validity is whether it was made knowingly and voluntarily.").

Chapman's contention that the condition that the district court not "depart upward in offense level" renders the waiver unenforceable lacks merit. The district court did not depart from the Sentencing Guidelines offense level; the district court increased Chapman's offense level based on the specific offense characteristic of firearm possession described in Chapter Two of the Sentencing Guidelines, U.S.S.G. § 2D1.1(b)(1). *See* U.S.S.G. § 1B1.1 (stating that determinations made under Chapter Two of the Guidelines relate to a defendant's base offense level and any appropriate specific offense level characteristics, and that Part K of Guidelines Chapter Five relates to departures).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.