Steven P. Brazelton, Law Office of Steven P. Brazelton, Reno, NV, for Defendant–Appellant.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Isidro ORTIZ–SANCHEZ, Defendant—Appellant.**

**Nos. 04–10322, 04–10347.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided July 5, 2005.

MEMORANDUM *

Defendant–Appellant Isidro Ortiz–Sanchez appeals his 2003 conviction for unlaw-

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

ful reentry in violation of 8 U.S.C. § 1326(a). He pleaded guilty, but argues that the district court erred in denying his later-filed motions to withdraw his guilty plea and to dismiss the indictment. "We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal," and "[w]e review de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver." *United States v. Jeronimo*, 398 F.3d 1149, 1152–53 (9th Cir.2005). "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Id.* at 1153. Ortiz–Sanchez does not dispute that "the language of the waiver [here] encompasses his right to appeal on the grounds raised[.]" *See id.* Rather, he disputes that "the waiver [was] knowingly and voluntarily made." *See id.*

"[A] waiver of the right to appeal is knowing and voluntary where the plea agreement as a whole was knowingly and voluntarily made," meaning that "[w]aivers of appeal must stand or fall with the agreement of which they are a part." *Id.* at 1154 (internal quotation marks and citation omitted). Ortiz–Sanchez does not dispute that the district court and the plea agreement advised him of the nature of the charges, the consequences of conviction (including the minimum and maximum possible penalties), and the constitutional rights to which he was entitled and that he was waiving (including the right to appeal),

nor that the district court confirmed by addressing him personally that the plea was voluntary. *See* Fed.R.Crim.P. 11(b). Rather, he argues that he did not enter the plea agreement knowingly and voluntarily because, in entering the plea agreement, he relied upon his attorney, who, Ortiz–Sanchez maintains, rendered ineffective assistance by incorrectly advising Ortiz–Sanchez that there were no viable defenses to the charge.

This does not render his plea other than knowingly and voluntarily made. *See United States v. Nguyen*, 235 F.3d 1179, 1183–84 (9th Cir.2000) (rejecting the defendant's "challenge to the knowingness and voluntariness of his waiver [on the ground] that his trial counsel 'erroneously advised him that under the law his position that he was not liable or responsible ... was incorrect,'" and holding that the defendant's "attempt to make an end-run around his waiver by repackaging substantive challenges to his conviction as going to the voluntariness of his plea would render the waiver a nullity"); *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) ("The record shows that [the defendant] entered into the plea agreement and waiver of appeal knowingly and voluntarily.... That [the defendant] may have been unaware of the fact that he had an affirmative defense ... does not alter this analysis."). We therefore DISMISS his appeal from his 2003 conviction (No. 04–10347).[1]

Ortiz–Sanchez also filed a notice of appeal from his revocation of supervised re-

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** We need not and do not reach whether Ortiz–Sanchez may pursue his claim of ineffective assistance of counsel through a 28 U.S.C. § 2255 motion, *Jeronimo*, 398 F.3d at 1155–56 & n. 4, nor whether he could establish that "counsel's actions were outside the wide range of professionally competent assis-

tance," *Baramdyka*, 95 F.3d at 844 (citing *Strickland v. Washington*, 466 U.S. 668, 686–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), and that "the ineffective performance 'affected the outcome of the plea process ... [such] that absent the erroneous advice, he would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

lease stemming from his 2001 conviction for unlawful reentry in violation of 8 U.S.C. § 1326(a), but failed to brief any issues this appeal might have raised and, thus, waived them. *United States v. Kama,* 394 F.3d 1236, 1238 (9th Cir.2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."). We therefore AFFIRM the revocation of his supervised release (No. 04–10322).