Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

v.

**Timothy E. STALBAUM, Defendant— Appellant.**

No. 04–30477.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

Byron G. Chatfield, USME—Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

William Broberg, Esq., Seattle, WA, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Timothy E. Stalbaum appeals from his 37–month sentence imposed following a guilty plea to three counts of uttering counterfeit obligations, in violation of 18 U.S.C. §§ 472, 471, and 474(a).

We reject Stalbaum's contention that the district court's use of the United States Sentencing Guidelines as mandatory was a constitutionally-impermissible factor upon which the district court relied, and therefore, that his waiver of appeal is inapplicable. We disagree, *see United States v. Moreno–Hernandez,* 419 F.3d 906, 915–16 (9th Cir.2005) (clarifying that a sentence under the mandatory guideline regime without judge-found enhancements was nonconstitutional error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)); *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system."), and enforce the waiver, *see United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily).

**DISMISSED.**

**Sean David SENGENBERGER, Petitioner—Appellant,**

v.

**Ralph TOWNSEND, President, Idaho Board of Corrections, State of Idaho, Respondent—Appellee.**

No. 04–35664.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted April 5, 2006.*

Decided April 10, 2006.

Sean David Sengenberger, Idaho Correctional Center, Boise, ID, for Petitioner–Appellant.

T. Paul Krueger, II, Deputy Attorney General Chief Capital Litigation Unit, L. Lamont Anderson, Esq., Office of the Idaho Attorney General, Boise, ID, for Respondent–Appellee.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Sean David Sengenberger appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging the state's determination that Sengenberger had violated conditions of his parole. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Sengenberger has numerous claims that his counsel was ineffective at his violation of parole hearing. We assume, without deciding, that Sengenberger has standing to raise an ineffective assistance of counsel claim. The district court correctly held that the Idaho court's disposition of Sengenberger's claims were neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington*, 466 U.S. 668, 691–92, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984). Sengenberger is unable to show any prejudice from his counsel's alleged deficiencies. *See Strickland*, 466 U.S. at 691–92, 104 S.Ct. 2052.

**AFFIRMED.**

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Antoine L. GARABET, Defendant—
Appellant.**

**No. 04–50085.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).