MEMORANDUM**
Ernest M. Esparza appeals from the sentence imposed following his guilty plea to drug trafficking and firearm offenses in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); 18 U.S.C. § 924(e)(1)(A)(i); and 18 U.S.C. §§ 922(g)(3) and 924(a)(2).
We dismiss in light of the valid appeal waiver. See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily). We reject Esparza’s contention that the alleged variation between the wording of the first count of the indictment and district court’s description of this offense during the plea colloquy rendered his plea unknowing or involuntary. We also reject the contention that the plea agreement was rendered invalid by its alleged failure to mention the applicability of the Sentencing Guidelines, which were discussed explicitly both in the plea agreement and during the plea colloquy. The appeal waiver was entered into knowingly and voluntarily and is therefore enforceable. See id. Lastly, Esparza’s contention that the appeal waiver, even if valid, does not foreclose the right to appeal incorrect applications of the Sentencing Guidelines is contrary to both the express language of the plea agreement and our case law. See United States v. Michlin, 34 F.3d 896, 901 (9th Cir.1994).
DISMISSED.

 This disposition, is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.