**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gaspar SOTO–RODRIGUEZ,
Defendant—Appellant.**

**No. 04–10548.**

**D.C. No. CR–04–00185–SYI.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Jeffrey Finigan, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff—Appellee.

Geoffrey A. Hansen, Appointed Federal Public Defender, Federal Public Defender's Office, San Francisco, CA, for Defendant—Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM**

Gaspar Soto–Rodriguez appeals from the 33–month sentence imposed after he pled guilty to unlawful re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Soto–Rodriguez contends that the district court erred in finding that his conviction under California Vehicle Code § 10851 qualified as an aggravated felony enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because the California statute allows convictions based on aiding and abetting liability. Soto–Rodriguez's contention is foreclosed by our decision in *United States v. Vidal*, 426 F.3d 1011, 1015–17 (9th Cir.2005).

**AFFIRMED.**

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Alberto TORRES, Defendant—
Appellant.**

**No. 04–30528.**

**D.C. No. CR–04–00126–EJL.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted April 5, 2006.*

Decided April 12, 2006.

Rafael M. Gonzalez, Jr., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff—Appellee.

Thomas M. Monaghan, FDWAID—Federal Defenders of Eastern Washington & Idaho, Boise, ID, for Defendant—Appellant.

Before HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM**

Jose Alberto Torres appeals from the 70–month sentence imposed after his guilty-plea conviction to unlawful re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

As to Torres' contention that the case be remanded for re-sentencing, because Torres was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

As to Torres' remaining contention that the district court erred in exceeding the statutory maximum two-year sentence under 8 U.S.C. § 1326(a), we dismiss in light of the valid appeal waiver. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily); *see also United States v. Weiland*, 420 F.3d 1062, 1080 n. 16 (9th Cir. 2005) (noting that the court continues to be bound by the Supreme Court's holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

**REMANDED in part, and DISMISSED in part.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mundo GONZALEZ, a/k/a Reymundo Gonzalez, Defendant—Appellant.**

No. 04–50611.

D.C. No. CR–04–00645–JFW–02.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Becky S. Walker, Beong–Soo Kim,

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).