MEMORANDUM**
Jose Alberto Torres appeals from the 70-month sentence imposed after his guilty-plea conviction to unlawful re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.
As to Torres’ contention that the case be remanded for re-sentencing, because Torres was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to United States v. Ameline, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). See United States v. Moreno-Hernandez, 419 F.3d 906, 916 (9th Cir.2005) (extending Ameline’s limited remand procedure to cases involving non-constitutional error under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).
As to Torres’ remaining contention that the district court erred in exceeding the statutory maximum two-year sentence under 8 U.S.C. § 1326(a), we dismiss in light of the valid appeal waiver. See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily); see also United States v. Weiland, 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (noting that the court continues to be bound by the Supreme Court’s holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).
REMANDED in part, and DISMISSED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.