**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alberto BECERRA–SANDOVAL,**
**Defendant—Appellant.**

No. 05–10166.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Bruce M. Ferg, Esq., Daniel Jon Santander, Office of the U.S. Attorney, Tucson, AZ, Plaintiff-Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Alberto Becerra–Sandoval appeals from the district court's judgment and 63–month sentence imposed following a guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), as enhanced by (b)(2).

Becerra–Sandoval contends that his conviction should be reversed because the district court violated Federal Rule of Criminal Procedure 11(g) when it failed to record part of his plea colloquy. Because Becerra–Sandoval did not object below, we review for plain error and conclude that there was none. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").

Because the plea was knowing and voluntary, and the conditions of the appeal waiver were satisfied, we dismiss in light of the valid appeal waiver. *See United*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (holding that an appeal waiver is valid when it is entered into knowingly and voluntarily).

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.