**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Moses Onderi NYABERE, Defendant—**
**Appellant.**

No. 05–10588.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 29, 2006.

Munish Sharda, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Harriette P. Levitt, Esq., Law Offices of Harriette P. Levitt, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Moses Onderi Nyabere appeals from his guilty-plea conviction and 3–month sen-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tence for being an accessory after the fact to unlawfully assisting an alien to hinder or prevent his apprehension, trial, or punishment, in violation of 8 U.S.C. § 1325 and 18 U.S.C. § 3.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Nyabere has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. No pro se supplemental brief or answering brief has been filed.

Because our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Nyabere knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily).

Counsel's motion to withdraw is **GRANTED,** and the appeal is **DISMISSED.**