UNITED STATES of America,
Plaintiff—Appellee,

v.

Juan Manuel HERNANDEZ,
Defendant—Appellant.

No. 05–30568.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 20, 2006.

Kim R. Lindquist, Esq., Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Tracy Staab, Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Juan Manuel Hernandez appeals from his 33–month sentence imposed following a guilty plea to being an illegal alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326.

 Hernandez contends that his appeal waiver is invalid because (1) the district court failed to inform Hernandez of the terms of the waiver and to determine

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that Hernandez understood the waiver; and (2) because the sentence imposed was above the statutory maximum under 8 U.S.C. § 1326(a). Even assuming that these contentions were not waived, they are without merit. With respect to Hernandez's first contention, a review of the record reveals that the sentencing judge both "addressed the defendant personally" regarding the waiver and "determine[d] that the defendant underst[ood]" the meaning of the waiver and, thus, was in compliance with Federal Rule of Criminal Procedure 11(b)(1)(N). *See United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir.2002). Hernandez's next contention is foreclosed. *See United States v. Weiland*, 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005) (noting that the court continues to be bound by the Supreme Court's holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006).

■ Because the guilty plea was knowing and voluntary, and the conditions of the appeal waiver were satisfied, we dismiss in light of the valid appeal waiver. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000).

**DISMISSED.**