**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesse JACKSON, Defendant–Appellant.**

No. 06–10034.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Kimberly M. Frayn, Esq., Office of The U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jesse Jackson appeals from his guilty-plea conviction and 262–month sentence for conspiracy to distribute drugs, in violation of 21 U.S.C. § 846.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Jackson's counsel has filed a brief stating that he finds no meritorious issues for review, and a motion to withdraw as counsel of record. Appellant has filed a pro se supplemental brief.

Because our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Jackson knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal.[1] *See United*

*States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily).

Accordingly, we **GRANT** counsel's motion to withdraw, **GRANT** Appellee's motion to dismiss based on the valid appeal waiver, and **DENY** all other pending motions.

The appeal is **DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. To the extent Jackson seeks to raise a claim of ineffective assistance of counsel, we decline

to reach this issue on direct appeal. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003).

