**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sheron SCIARA, Defendant—Appellant.**

No. 05–10730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 14, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Timothy S. Vasquez, Esq., USLV–Office of The U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Patricia M. Erickson, Las Vegas, NV, for Defendant–Appellant.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ORDER *

1. Sheron Sciara appeals the denial of her motion to withdraw her guilty plea. Because Sciara validly waived her appellate rights, her appeal is DISMISSED for lack of jurisdiction. *See United States v. Jeronimo,* 398 F.3d 1149, 1152–53 (9th Cir. 2005).

2. "A defendant's right to appeal is statutory, rather than constitutional, in nature. Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced." *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (citations and quotations omitted). Sciara waived her appellate rights in her plea agreement. So long as this waiver was knowingly and voluntarily entered into, it is valid and bars her challenge to the district court's denial of her motion to withdraw her guilty plea. *See id.*

We review whether a defendant waived her right to an appeal and the validity of such waiver de novo. *Jeronimo,* 398 F.3d at 1153. The record demonstrates that Sciara entered into the plea agreement knowingly and voluntarily. The terms of the agreement are not ambiguous. The district court conducted an appropriate Rule 11 colloquy. Sciara acknowledged that she read the plea agreement, understood its terms, and discussed it with her attorney. Such procedures are "sufficient to find a knowing and voluntary waiver." *See United States v. Baramdyka,* 95 F.3d 840, 844 (9th Cir.1996).

3. Even when a waiver is knowing and voluntary, if the government breaches the plea agreement, the defendant is released from her promise not to appeal. *United States v. Gonzalez,* 16 F.3d 985, 990 (9th Cir.1993). Here the government retained

the right to decide, in its sole discretion, whether Sciara provided substantial assistance and whether to file a motion for a downward departure under U.S.S.G. § 5K1.1.

The prosecutor conferred with Las Vegas Metro detectives after they met with Sciara to assess the helpfulness of her information and then later turned over to the FBI for its review and evaluation documents Sciara had provided. The district court determined as a matter of fact that the prosecutor had fulfilled his obligation in good faith to decide whether Sciara had provided substantial assistance. That finding is not clearly erroneous. This means there was no breach of the plea agreement by the United States. The waiver is therefore valid and enforceable and Sciara's appeal is DISMISSED.