**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mario WINFREY, Defendant— Appellant.**

No. 05–50893.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Becky S. Walker, Esq., Lizabeth A. Rhodes, Esq., Joey L. Blanch, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Christopher Johns, Esq., Johns & Allyn A Professional Corporation, San Rafael, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Mario Winfrey appeals from the 63–month sentence imposed following his plea of guilty to aiding and abetting the distribution of hydrocodone, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.

Seizing on the provision in his plea agreement that allows him to appeal sentences that are not "constitutional," Winfrey contends that his sentence violates his due process rights, and is therefore unconstitutional, because it is unreasonable. In general, whether a sentence is unreasonable does not implicate constitutional concerns, for reasonableness is merely the standard of review we apply to criminal sentences. *See United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that the statute allowing for appeals from criminal sentences "impl[ies] a practical standard of review," namely, "review for 'unreasonableness' ").

Because Winfrey's plea was knowing and voluntary, we dismiss the appeal in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000).

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).