**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Adrian AMMONS, Defendant—**
**Appellant.**

**No. 06–50126.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.\*

Filed March 25, 2008.

Becky S. Walker, Esq., Cheryl O'Connor Murphy, Esq., Office of the U.S. Attorney, Criminal Division, for Plaintiff–Appellee.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM \*\*

Adrian Ammons appeals from the 108–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine and cocaine base, and conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(2) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss.

Ammons contends that his guilty plea, which included a waiver of his appeal rights, is invalid due to three errors at the Rule 11 hearing. First, he contends that the district court erred by failing to personally inform him of the charges against him in violation of Fed.R.Crim.P. 11(b)(1)(G). Second, he contends that he was not informed of the applicability of the Sentencing Guidelines in violation of Fed. R.Crim.P. 11(b)(1)(M). Third, he contends he was not informed of the waiver of his right to collaterally attack his sentence in violation of Fed.R.Crim.P. 11(b)(1)(N). Although the district court failed to personally inform Ammons of the charges against him and neither the Sentencing Guidelines nor the collateral attack waiver were dis-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cussed at the Rule 11 hearing, these errors do not constitute plain error because Ammons failed to show "a reasonable probability that, but for the errors, he would not have entered the plea." *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). We conclude that, Ammons' guilty plea is valid.

Ammons also contends that, even if his guilty plea is valid, his appeal waiver is unenforceable because the district court failed to discuss the terms of the waiver at the Rule 11 hearing, in violation of Fed. R.Crim.P. 11(b)(1)(N). This contention fails. *See United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir.2002) (concluding that there was no plain error where the prosecutor summarized in open court the terms of the plea agreement, including the fact that appellant agreed to waive the right to appeal, and appellant acknowledged that she understood and accepted those terms). Thus, we dismiss in light of the valid appeal waiver. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000).

**DISMISSED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.