**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Edwin Saul MORALES–GALDAMEZ,**
**Defendant—Appellant.**

No. 07–10112.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 16, 2008.

Celeste C. Corlett, Esq., USTU–Office of the U.S. Attorney Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Matthew John McGuire, Esq., Patagonia, AZ, for Defendant–Appellant.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Edwin Saul Morales–Galdamez appeals from the 33–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We dismiss the appeal.

Morales–Galdamez contends that the appeal wavier in his plea agreement is unenforceable. First, he contends that he did not enter into his plea agreement knowingly and voluntarily because he was confused and because the magistrate judge pressured him into pleading. We conclude that Morales–Galdamez entered into his plea agreement knowingly and voluntarily. *See United States v. Nguyen,* 235 F.3d 1179, 1182–83 (9th Cir.2000). Morales–Galdamez further contends that his plea agreement is invalid because the magistrate judge participated in the plea bargaining process. We conclude that the judge did not engage in the plea bargaining process. *Cf. United States v. Bruce,* 976 F.2d 552, 555 (9th Cir.1992). Finally, he contends that his guilty plea was not knowing and voluntary due to ineffective assistance of counsel. Because the record is insufficiently developed, we decline to consider this claim on direct appeal. *See United States v. Jeronimo,* 398 F.3d 1149, 1155–56 (9th Cir.2005).

Accordingly, we dismiss in light of the valid appeal waiver. *See Nguyen,* 235 F.3d at 1182–83.

**DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.