MEMORANDUM **
In these consolidated cases, Leonard Brown appeals from his guilty-plea conviction and 212-month sentence for conspiracy to manufacture and aid and abet the manufacture of phencyclidine (“PCP”) and to possess with intent to distribute PCP, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to distribute and possess with intent to distribute one kilogram or more of mixtures and substances containing a detectable amount of PCP, in violation of 21 U.S.C. §§ 841(a)(1) and 846.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Brown’s counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. Brown has filed pro se supplemental briefs, and the Government has filed an answering brief.
Brown conditionally waived his right to appeal his sentence with the exception of the district court’s determination of certain conditions of supervised release. Our examination of the briefs and our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 80-81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicate that the appeal waiver is operative. Accordingly, we dismiss the appeal in part. See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir.2000).
With regard to Brown’s conviction and the conditions of supervised release, from which he retained the right to appeal, our independent review of the record discloses no arguable grounds for relief on direct appeal, and we affirm.
Counsel’s motion to withdraw is GRANTED.
AFFIRMED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.