FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10007 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01402-JMR |
| v. | |
| SAMUEL MONTES-LLANES, a.k.a. Samuel Montes-Yanez, a.k.a. Samuel Montez-Yanez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Samuel Montes-Llanes appeals from his guilty-plea conviction and 30-

month sentence for reentry after deportation, in violation of 8 U.S.C. § 1326.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Montes-Llanes's counsel

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Montes-Llanes the opportunity to file a pro se supplemental brief. Montes-Llanes has filed a pro se supplemental brief, and no answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80-81 (1988), discloses no arguable grounds for relief on direct appeal. The record belies Montes-Llanes's contention that his plea was involuntary because he did not understand the plea proceedings and did not sign the plea agreement. We decline to address Montes-Llanes's claim of ineffective assistance of counsel on direct appeal as the record is insufficiently developed and his legal representation was not so inadequate that it can be concluded at this point that he obviously was denied his Sixth Amendment right to counsel. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) ("Claims of ineffective assistance of counsel are generally inappropriate on direct appeal."). We dismiss in light of the valid appeal waiver. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**