NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50236 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00713-DSF-40 |
| v. | |
| THOMAS MEREDITH, AKA Seal T, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 5, 2018**
Pasadena, California

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and BENNETT,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Defendant-Appellant Thomas Meredith appeals the district court's order denying his motion to withdraw his plea agreement and its sentencing decision. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We dismiss Meredith's appeal because we conclude that he knowingly and voluntarily entered into the plea agreement, and the agreement included an appellate waiver.

"A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). "To determine the voluntariness of the plea, we look to the totality of the circumstances, examining both the defendant's subjective state of mind and the constitutional acceptability of the external forces inducing the guilty plea." *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (internal quotation marks omitted). Waivers of the right to appeal "cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Meredith's plea was knowing and voluntarily. The plea agreement itself advised Meredith of the factual basis of his offense, the constitutional rights he was agreeing to give up, the statutory mandatory minimum sentence he faced, the government's obligations, and his waiver of appeal. Meredith separately signed a

2

certification specifying that he understood the plea agreement's terms, discussed them "carefully and thoroughly" with his attorney, and had not been threatened or forced to sign the agreement. Meredith's counsel stated under penalty of perjury that she reviewed the nature of the charges, the elements the government would have to prove, and the evidence likely to be presented at trial on multiple occasions before Meredith signed the agreement. Finally, the trial court questioned Meredith to confirm that his counsel discussed the terms and consequences of the plea agreement with him and inquired into whether Meredith understood the terms of the plea agreement. On this record, Meredith's plea was knowing and voluntary. *United States v. Nguyen*, 235 F.3d 1179, 1182–84 (9th Cir. 2000) (enforcing an appeal waiver where "express language of the plea agreement clearly recited that [the defendant's] waiver was knowing and voluntary," and where "[t]he facts and circumstances surrounding the signing and entry of the plea agreement [including the court's Rule 11 colloquy] also support a finding that the waiver was knowingly and voluntarily made").

Meredith offers no evidence to support his bare assertions that his counsel "coerced" him into pleading guilty. During the plea hearing, the trial court confirmed that no one threatened or coerced him to plead guilty, and that Meredith did so "of [his] own free will." Meredith's counsel strongly believed that taking

3

the plea deal was the most prudent course of action given the mandatory life sentence that Meredith faced if he lost at trial, and advised Meredith of her view on multiple occasions. But this conduct falls far short of the egregious attorney conduct that this court has concluded was insufficient to render a guilty plea involuntary. *See, e.g.*, *Dennis v. People of State of Cal.*, 414 F.2d 424, 426 (9th Cir. 1969) (holding attorney's conduct was not sufficient to invalidate a plea when he told his client that seven years in jail "aren't long compared to your life in the gas chamber"). We conclude that Meredith validly waived his right to appeal.

Meredith also argues that the district court erred by not conducting an inquiry under *Faretta v. California*, 422 U.S. 806 (1975). But the court had no obligation to do so because Meredith did not unequivocally ask the district court to represent himself despite having the opportunity to do so at several hearings that took place prior to entering the plea agreement.

**DISMISSED**.