**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando GALEANA–RODRIGUEZ,**
**Defendant–Appellant.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

United States of America,
Plaintiff–Appellee,

v.

Armando Galeana–Rodriguez,
Defendant–Appellant.

Nos. 05–10298, 05–10299.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Daniel Jon Santander, AUSA, George Ferko, Esq., USTU–Office of the U.S. Attorney, Evo A. DeConcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

In appeal No. 05–10298, Armando Galeana–Rodriguez appeals from the guilty-plea conviction and 63–month sentence imposed for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), with a sentence enhancement pursuant to § 1326(b)(2). Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Galeana–Rodriguez has filed a brief stating that he finds no grounds for relief, along with a motion to withdraw as counsel of record. Galeana–Rodriguez has filed a pro se re-

quest for a remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir. 2005) (en banc), and no answering brief has been filed with regard to this appeal.

In appeal No. 05–10298, we grant counsel's motion to withdraw, and we dismiss in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when entered into knowingly and voluntarily). Galeana–Rodriguez's pro se request for a remand is denied.

In appeal No. 05–10299, Galeana–Rodriguez appeals from the district court's judgment revoking supervised release and imposing a 21–month term of imprisonment.

Galeana–Rodriguez contends that the district court violated his due process rights under Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure by failing to provide him with an initial appearance, a preliminary hearing, or a revocation hearing as to the allegations in the superseding petition to revoke supervised release. We disagree. Galeana–Rodriguez's contention is premised on the argument that the district court lacked jurisdiction over proceedings held after the issuance of the original petition to revoke supervised release, in which he was afforded an initial appearance and a preliminary hearing. This argument has been foreclosed by *United States v. Ortuño–Higareda,* 450 F.3d 406, 409 (9th Cir.2006). Here, as in *Ortuño–Higareda,* the supervised release term was revoked prior to its expiration, so the district court had jurisdiction over the original petition, even in absence of a warrant, under 18 U.S.C. § 3583(e)(3). Accordingly, we reject Galeana–Rodriguez's contention that the initial appear-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ance and preliminary hearing were invalid. With regard to his contention that he was not afforded a revocation hearing, this contention is belied by the facts. The revocation hearing was held at the same time as sentencing for the instant § 1326 conviction, and Galeana–Rodriguez fails to articulate any deficiencies at that hearing. In appeal No. 05–10299, we affirm the district court's judgment revoking supervised release.

**Appeal No. 05–10298 is DISMISSED.**

**Appeal No. 05–10299 is AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.