**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nicholas A. ROBLEE, Defendant–Appellant.**

No. 05–50110.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Becky S. Walker, Esq., Matthew E. Sloan, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Nicholas A. Roblee, Beaumont, TX, pro se.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Nicholas A. Roblee appeals from his guilty-plea conviction and 64–month sentence for wire fraud and money laundering, in violation of 18 U.S.C. §§ 2, 1343, 1346, 1956(a)(1)(A)(i), and 1957. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Roblee's counsel has filed a brief stating that he finds no meritorious issues for review, along with a motion to withdraw as counsel of record. No pro se supplemental brief or answering brief has been filed.

Because our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no grounds for relief on direct appeal, we affirm the conviction. Because the record indicates that Roblee knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce

the waiver and dismiss the appeal of the sentence. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000) (explaining that appeal waiver is valid when it is entered knowingly and voluntarily).

Accordingly, we **GRANT** counsel's motion to withdraw.

We **AFFIRM** the conviction and **DISMISS** the appeal of the sentence.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

