FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10328 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00268-JMS-3 |
| v. | |
| HECTOR CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 18, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON and CLIFTON, Circuit Judges.

Appellant Hector Cruz pled guilty to distributing 50 grams or more of

methamphetamine and agreed to a waiver of the right to appeal. In exchange, the

government dropped all other charges against him. His attorney has filed an

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Anders*[1] brief in this appeal and has moved to withdraw as counsel. Cruz has filed no *pro se* supplemental brief in response to the court's invitation to do so.

Having examined the record, we conclude that Cruz entered into the plea agreement and agreed to the waiver of appellate rights knowingly and voluntarily, and that the district court complied with Federal Rule of Criminal Procedure 11. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

The waiver of appellate rights to which Cruz agreed waives any challenge to his sentence, unless the sentence exceeded the applicable guideline range as determined by the district court, which it did not. Thus, the waiver applies to any possible challenge to Cruz's sentence, with two recognized exceptions: a claim that the sentence did not comport with the terms of the plea agreement, and a claim that the sentence violated the law. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Here, however, the sentence comported with the terms of the plea agreement and is not unlawful. Accordingly we dismiss the appeal. We grant counsel's motion to withdraw.

**DISMISSED; COUNSEL'S MOTION TO WITHDRAW GRANTED.**

---

[1] *Anders v. California*, 386 U.S. 738 (1967).