**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50558 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01441-VBF |
| v. | |
| JOSE PROSPERO FELIX ZEPEDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Jose Prospero Felix Zepeda appeals from the 168-month sentence imposed

following his guilty-plea conviction for conspiracy to possess with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 846, 841(a)(1).  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we dismiss based on the valid appeal waiver.

Zepeda contends that the district court failed to calculate the advisory Guidelines' range correctly and imposed a substantively unreasonable sentence. We decline to reach this contention in light of the valid appeal waiver in Zepeda's plea agreement. *See United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).

Zepeda contends his appeal waiver is invalid for several reasons. First, he contends that the Government breached the plea agreement. This contention is belied by the record. Second, Zepeda contends that he did not knowingly and voluntarily waive his right to appeal because he was not adequately informed of the sentence he faced. The record indicates that the waiver was knowing and voluntary and that Zepeda was adequately informed. *See United States v. Nguyen*, 235 F.3d 1179, 1182-84 (9th Cir. 2000).

Finally, Zepeda contends that he did not knowingly and voluntarily waive his right to appeal because his trial counsel rendered ineffective assistance when advising him to plead guilty. The record in this case is not sufficiently developed

to evaluate Zepeda's ineffective assistance of counsel claim on direct appeal. *See*

*United States v. Jeronimo*, 398 F.3d 1149, 1155-56 (9th Cir. 2005).

**DISMISSED.**